**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| SONYA PORRETO, | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 3:21-cv-00359 |
| The GALVESTON PARK BOARD OF | § | |
| TRUSTEES, CITY OF GALVESTON, | § | |
| TEXAS GENERAL LAND OFFICE, | § | JURY DEMANDED |
| and GEORGE P. BUSH, Land | § | |
| Commissioner of the Texas General | § | |
| Land Office, | § | |
| *Defendants.* | § | |

**THE GALVESTON PARK BOARD OF TRUSTEES' AND
THE CITY OF GALVESTON'S RENEWED MOTION TO DISMISS**

Barry Abrams
State Bar No. 00822700
S.D. Tex. Bar No. 2138
Neil F. Young
State Bar No. 24121218
S.D. Tex. Bar No. 3635269
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 228-6601
(713) 228-6605 (fax)
barry.abrams@blankrome.com
neil.young@blankrome.com

**ATTORNEYS FOR DEFENDANTS
THE GALVESTON PARK BOARD OF
TRUSTEES AND CITY OF GALVESTON**

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION & OVERVIEW ..................................................................3

II.     THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
        PORRETTO'S COMPLAINT ......................................................................5

        A.      STANDARD OF REVIEW UNDER FED. R. CIV. P. 12(B)(1). ........................5
        B.      JURISDICTION DOES NOT EXIST UNDER 28 U.S.C. §1334(B)....................5

                1.      Subject Matter Jurisdiction Is a Threshold Issue. .......................5
                2.      Abandonment Extinguished Jurisdiction Over the Property and
                        Porretto's Rights in the Property................................................5
                3.      This Is Not a Core Proceeding..................................................6
                4.      None of Porretto's Claims Involve "Related To" Jurisdiction. ..................7
                5.      The Abandonment Order Does Not Confer Jurisdiction Over
                        Porretto's Claims. ..................................................................8

        C.      GOVERNMENTAL IMMUNITY PROTECTS THE PARK BOARD AND
                THE CITY FROM SUIT AND FROM LIABILITY AND THE COURT
                LACKS JURISDICTION OVER ALL SUCH IMMUNITY-BARRED
                CLAIMS. ............................................................................................9
        D.      NO JURISDICTIONAL BASIS EXISTS FOR DECLARATORY OR
                INJUNCTIVE RELIEF ........................................................................13

III.    PORRETTO'S COMPLAINT FAILS TO STATE PLAUSIBLE CLAIMS FOR
        RELIEF ..............................................................................................14

        A.      STANDARD OF REVIEW UNDER FED. R. CIV. P. 12(B)(6). ......................14
        B.      PORRETTO HAS NOT STATED A DIRECT FEDERAL
                CONSTITUTIONAL CLAIM AGAINST THE PARK BOARD OR THE
                CITY, BECAUSE NO SUCH CLAIM EXISTS. ..........................................14
        C.      PORRETTO HAS NOT STATED A VIABLE FEDERAL
                CONSTITUTIONAL CLAIM AGAINST THE CITY. ...................................15
        D.      ALL OF PORRETTO'S PURPORTED CONSTITUTIONAL CLAIMS
                ARISING BEFORE JUNE 24, 2019, ARE BARRED BY LIMITATIONS.........15
        E.      ALL OF PORRETTO'S STATE LAW CLAIMS ARE BARRED BY
                IMMUNITY AGAINST LIABILITY. ......................................................17
        F.      ADDITIONAL REASONS WHY PORRETTO HAS NOT STATED
                VIABLE CLAIMS................................................................................18

                1.      No settlement agreement continued to exist after December 19,
                        2011, and any breach allegation is barred by limitations...........18
                2.      Porretto has not stated a viable accounting and reimbursement
                        claim.....................................................................................19
                3.      Porretto has not alleged viable State constitutional and inverse
                        condemnation claims. ..............................................................20

IV.     CONCLUSION.......................................................................................23

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alamo Forensic Servs., LLC v. Bexar Cty.*,
No. SA-20-CV-38-XR, 2020 U.S. Dist. LEXIS 88317 (W.D. Tex. May 19,
2020) ...................................................................................................................12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................14

*Bell Atl. v. Twombly*, 550 U.S. 544 (2007) ..............................................................14

*Bell v. Hood*, 327 U.S. 678 (1946) .............................................................................1

*Bennett v. Tarrant Cty. Water Control Improvement Dist. No. 1*,
894 S.W.2d 441 (Tex. App.—Fort Worth 1995, writ denied) ...........................21

*Borrego Springs Bank v. Skuna River Lumber, L.L.C. (In re Skuna River Lumber,
L.L.C.)*, 564 F.3d 353 (5th Cir. 2009) ................................................................5

*Burch v. Freedom Mortg. Corp. (In re Burch)*, 835 F. App'x 741 (5th Cir. 2021) ...............6, 7, 8

*City of Dallas v. Blanton*, 200 S.W.3d 266 (Tex. App.—Dallas 2006, no pet.) .....................12, 22

*City of Dallas v. Jennings*, 142 S.W.3d 310 (Tex. 2004) .......................................21, 22

*City of Hous. v. Guthrie*,
332 S.W.3d 578 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ....................11

*City of Hous. v. Swinerton Builders*,
233 S.W.3d 4 (Tex. App.—Houston [1st Dist.] 2007, no pet.) .............................10

*City of Leon Valley v. WM. Ranchere States Joint Venture*,
No. 04-14-00542-CV, 2015 Tex. App. LEXIS 5124 (Tex. App.—San Antonio
May 20, 2015, no pet.) ....................................................................................12, 17

*City of Midlothian v. Black*, 271 S.W.3d 791 (Tex. App.—Waco 2008, no pet.) .............12, 17, 20

*In re Craig's Stores of Tex., Inc.*, 266 F.3d 388 (5th Cir. 2001) ...................................9

*DART v. Whitley*, 104 S.W.3d 540 (Tex. 2003) ......................................................17

*Demos v. City of Indianapolis*, 302 F.3d 698 (7th Cir. 2002) ..............................10, 11

*Devillier v. Texas*,
No. 3:20-CV-00223, 2021 U.S. Dist. LEXIS 165951 (S.D. Tex. Jul. 30, 2021),
*op.adopted*, 2021 U.S. Dist. LEXIS 164573 (S.D. Tex. Aug. 31, 2021)...........................2, 15

ii

*Ethio Express Shuttle Serv. v. City of Hous.*,
  164 S.W.3d 751 (Tex. App.—Houston [14th Dist.] 2005, no pet.)........................................11

*Finna Fail, LP v. Moore*, No. H-10-2045, 2010 U.S. Dist. LEXIS 136488,
  2010 WL 5437272 (S.D. Tex. Dec. 27, 2010) ........................................................................10

*FireEagle L.L.C. v. Bischoff (In re Spillman Dev. Group)*,
  710 F.3d 299 (5th Cir. 2013) ...................................................................................................7

*Five Corners Improvement Dist. v. JKO Enters., LLC*,
  No. 14-20-00116-CV, 2021 Tex. App. LEXIS 3398, 2021 WL 1745351
  (Tex. App.—Houston [14th Dist.] May 4, 2021, pet. denied)...........................................12, 17

*Garcia v. Limon*, No. 1:19-cv-120, 2019 U.S. Dist. LEXIS 224231,
  2019 WL 7494398 (S.D. Tex. Nov. 4, 2019) ..........................................................................13

*Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591 (Tex. 2001) .........................20

*Griffith v. Alcon Research, Ltd.*, 712 F. App'x 406 (5th Cir. 2017).............................................5

*Hearth, Inc. v. Dep't of Public Welfare*, 617 F.2d 381 (5th Cir. 1980)..................................2, 15

*In re Henry*,
  No. 13-30519, 2018 Bankr. LEXIS 4239 (Bankr. S.D. Tex. Oct. 17, 2018)...........................9

*Higareda v. U.S. Postal Serv.*,
  No. 93-7049, 1993 U.S. App. LEXIS 39368 (5th Cir. Sept. 23, 1993) ..................................13

*Holloway v. Skinner*, 898 S.W.2d 793 (Tex. 1995) ...................................................................11

*Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir.2001) ...........................................................5

*Janik v. City of Dallas*,
  No. 3:95-CV-2594-D, 1998 U.S. Dist. LEXIS 5827 (N.D. Tex. 1998) ..............................2, 15

*Jolly v. United States*, 488 F.2d 35 (5th Cir. 1974) ...................................................................13

*King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754 (5th Cir. 2015)......................................16

*Konark Ltd. P'ship v. BTX Sch., Inc.*, 580 S.W.3d 194 (Tex. App.—San Antonio
  2018, pet. denied) .............................................................................................................12, 17

*Lee v. Choudhri (In re Briar Bldg. Hous. LLC)*,
  No. 18-32218, 2021 Bankr. LEXIS 1603 (Bankr. S.D. Tex. June 16, 2021) ...........................9

*Lewis v. Harris*,
  No. 3:08-cv-588, 2012 U.S. Dist. LEXIS 200384 (S.D. Miss. Apr. 4, 2012) ..........................6

*Lyn v. Transamerica Small Bus. Capital, Inc. (In re Lyn)*,
    483 B.R. 440 (Bankr. D. Del. 2012) ...................................................6, 7

*M. L. v. Frisco Indep. Sch. Dist.*, 451 F. App'x 424 (5th Cir. 2011) ........................................1, 13

*In re Majestic Energy Corp.*, 835 F.2d 87 (5th Cir. 1988) ...........................................................7

*Ex parte McCardle*, 74 U.S. 506, 19 L. Ed. 264 (1869) .................................................5

*Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507 (5th Cir. 1980)................................................5

*Morin v. Mental Health Mental Retardation Auth.*,
    No. H-05-2520, 2006 U.S. Dist. LEXIS 40653 (S.D. Tex. June 19, 2006)........................2, 15

*Nationwide Pub. Ins. Adjusters Inc. v. Edcouch-Elsa I.S.D.*,
    913 F. Supp. 2d 305 (S.D. Tex. 2012) .................................................11

*Olford v. City of Hous.*,
    No. H-17-3421, 2018 U.S. Dist. LEXIS 108965 (S.D. Tex. June 29, 2018) .........................11

*Overton v. City of Austin*, 748 F.2d 941 (5th Cir. 1984)........................................10, 11

*Pacor Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984) ...........................................................7

*Redburn v. City of Victoria*, 898 F.3d 486 (5th Cir. 2018) ...........................................16

*Reunion Hotel/Tower Joint Venture v. DART*,
    250 S.W.3d 203 (Tex. App.—Dallas 2008, no pet.)................................................21

*Ruhrgas Ag v. Marathon Oil Co.*,
    526 U.S. 574, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999)..........................................5

*Scherff v. S. Tex. Coll.*,
    No. 7:16-CV-658, 2017 U.S. Dist. LEXIS 141458 (S.D. Tex. Aug. 31, 2017) ....................11

*Smith v. Hous. Ind. Sch. Dist.*, 229 F. Supp. 3d 571 (S.D. Tex. 2017) .............................................11

*In re Sonya Porretto, Debtor*, No. 09-35324 (Bankr. S.D. Tex.) ....................................................3

*Springboards to Educ., Inc. v. Hous. Indep. Sch. Dist.*,
    No. H-16-2625, 2017 U.S. Dist. LEXIS 221322 (S.D. Tex. Sept. 20, 2017) .........................10

*Stringer v. Town of Jonesboro*, 986 F.3d 502 (5th Cir. 2021)........................................16

*Suthoff v. Yazoo Cty. Indus. Dev. Corp.*, 637 F.2d 337 (5th Cir. 1981) ...........................................1

*T.F.W. Mgmt. v. Westwood Shores Prop. Owners Ass'n*,
    79 S.W.3d 712 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) ....................................19

*Tex. Highway Dep't v. Weber*, 219 S.W.2d 70 (Tex. 1949) ........................................21

*TMT Procurement Corp v. Vantage Drilling Co. (In re TMT Procurement Corp.)*,
    764 F.3d 512 (5th Cir. 2014) ........................................................................8

*Travelers Indem. Co. v. Bailey*, 557 U.S. 137 (2009) ........................................8

*USA Promlite Tech., Inc. v. Am. First Nat'l Bank (In re USA Promlite Tech.,*
    *Inc.)*,
    No. 18-36893, 2020 Bankr. LEXIS 3441 (Bankr. S.D. Tex. Dec. 9, 2020) .................5, 10, 11

*Vaden v. Discover Bank*, 556 U.S. 49 (2009) ........................................1, 13

*Valco Instruments Co., L.P. v. Spring Branch Mgmt. Dist.*,
    No. 4:08-cv-01055, 2009 U.S. Dist. LEXIS 152970 (S.D. Tex. Jan. 27, 2009)................2, 15

*Wilson v. Garcia*, 471 U.S. 261 (1985)........................................................16

*Wilton Armetale, Inc. v. Gordon Bros. Commer. & Indus. LLC (In re Wilton*
    *Armetale, Inc.)*,
    No. 16-16779, 2019 Bankr. LEXIS 787 (Bankr. E.D. Pa. Mar. 11, 2019)...........6, 7

*In re Wood*, 825 F.2d 90 (5th Cir. 1987) ........................................................6

**Constitutions, Charters, Statutes, and Rules**

11 U.S.C. ch. 11 ........................................................................................3

16 U.S.C. §§3501-3510 ..............................................................................1

28 U.S.C. §1331 ........................................................................................1

28 U.S.C. §1334........................................................................................1, 3, 5

28 U.S.C. §§2201 *et seq.*............................................................................1, 13

33 U.S.C. §1251 *et seq.*..............................................................................1

42 U.S.C. §1983........................................................................................2, 14, 15, 16

42 U.S.C. §4201 *et seq.*............................................................................1

Bankruptcy Code §727 ..............................................................................3

City of Galveston, Tex. Charter art. I, §4 ........................................9, 11

Fed. R. Civ. P. 12(b)(1) .....................................................................*passim*

Fed. R. Civ. P. 12(b)(6) .....................................................................*passim*

FED. R. EVID. 201 ...............................................................................................10, 11

GALVESTON, TEX. CODE §26-47 (1982) ...............................................................9, 11

TEX. CIV. PRAC. & REM. CODE ANN. §16.004(a) ...................................................18

TEX. CIV. PRAC. & REM. CODE ANN. §§101.001 *et seq.* ...............................1, 4, 11, 17

TEX. CIV. PRAC. & REM. CODE ANN. §101.0215(a)(33) ........................................11

TEX. CIV. PRAC. & REM. CODE ANN. §101.057(2) .................................................11

TEX. CONST. ....................................................................................................... *passim*

TEX. CONST. art. I, §17 .................................................................................1, 20, 22

TEX. LOC. GOV'T CODE ANN. §271.156 ......................................................11, 12, 17

TEX. LOC. GOV'T CODE ANN. §306.011 *et seq.* ....................................................9, 11

TEX. WATER CODE ANN. §11.086(a) .................................................................12, 17

U.S. CONST. ....................................................................................................... *passim*

U.S. CONST. amend. V ...............................................................................1, 4, 14, 15

U.S. CONST. amend. XIV ..........................................................................1, 4, 14, 15

**Other Authorities**

1 COLLIER ON BANKRUPTCY §3.01 ...........................................................................6

5 COLLIER ON BANKRUPTCY §554.02 .......................................................................6

The Galveston Park Board of Trustees ("Park Board") and the City of Galveston ("City") move to dismiss Sonya Porretto's ("Porretto's") Third Amended Complaint ("Complaint") pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6) for the following reasons:

1.  **Lack of Subject Matter Jurisdiction:**

    a.   <u>No federal jurisdiction exists under 28 U.S.C. §1334.</u> - The Court lacks subject matter jurisdiction over Porretto's claims against the Park Board and the City pursuant to 28 U.S.C. §1334, the sole jurisdictional basis alleged,[1] because her claims: (i) concern property the Bankruptcy Court earlier ordered abandoned, not estate property; and (ii) are not "related to" a bankruptcy proceeding, which has now been fully administered.[2]

    b.   <u>No federal jurisdiction exists over immunity-barred claims.</u> - The Court also lacks subject matter jurisdiction over Porretto's purported state law tort claims, breach of contract claim, Texas Water Code claim claims and inverse condemnation or takings claims, because they are barred by government immunity.

    c.   <u>Neither the Declaratory Judgment Act nor Porretto's request for injunctive relief give rise to any federal jurisdiction.</u>

---

[1] Third Amended Complaint ("Complaint"), ¶1.

[2] To the extent that Porretto purports to invoke federal question jurisdiction under 28 U.S.C. §1331, based upon her string citation to various "Federal and regulatory and statutory provisions governing coastal land and waters," she has failed to do so because those references "clearly appear to be immaterial and made solely for the purpose of obtaining jurisdiction" and are "wholly insubstantial and frivolous." Complaint, ¶2. *See Suthoff v. Yazoo Cty. Indus. Dev. Corp.*, 637 F.2d 337, 339 (5th Cir. 1981) (quoting *Bell v. Hood*, 327 U.S. 678, 681-82 (1946)). Nowhere else does Porretto reference or discuss the purported applicability of the National Environmental Policy Act, 42 U.S.C. §4201 *et seq.*, the Clean Water Act, 33 U.S.C. §1251 *et seq.*, or the Coastal Barrier Resources Act, 16 U.S.C. §§3501-3510. Nor does Porretto purport to assert any "cause of action" based upon those statutes. *See* Complaint, ¶¶95-158 (Counts I, II and IV (U.S. Const. amend. V), Count III (inverse condemnation under Texas law), Count V (Tex. Const. art. I, §17), Count VI (U.S. Const. amend. XIV), Count VII (breach of contract), Count VIII (tortious interference), Count IX (Texas Water Code), Count X (accounting and reimbursement), Count XI (injunctive relief), Counts XII and XIII (declaratory relief), Count XIV (Texas Tort Claims Act)). The Declaratory Judgment Act, 28 U.S.C. §§2201 *et seq.* is procedural only and does not provide any independent jurisdictional basis. *M. L. v. Frisco Indep. Sch. Dist.*, 451 F. App'x 424, 426 (5th Cir. 2011) (citing *Vaden v. Discover Bank*, 556 U.S. 49, 70 n.19 (2009)).

2. **Failure to State a Claim:**

a. <u>Porretto has not stated a direct federal constitutional claim against the Park Board and the City, because no such claim exists.</u>[3] - No implied direct cause of action exists for purported federal constitutional violations by a local government entity, because the proper vehicle for such allegations is 42 U.S.C. §1983 where, as is true here, Congress has provided the means to obtain relief against the government entities.[4] Porretto has disregarded multiple admonitions that the proper mechanism for asserting any purported constitutional claim against the Park Board and the City is through a §1983 action.[5]

b. <u>Porretto has not stated a viable federal constitutional claim against the City</u>.

c. <u>Porretto's federal constitutional complaints about activities purportedly occurring before June 24, 2019, more than two years before she filed suit, are barred by limitations</u>.

d. <u>All of Porretto's purported state law claims are barred by governmental immunity against liability</u> (*i.e.*, tort claims, breach of contract claim against the Park Board, Texas Water Code claims, and Texas constitutional claims).

e. <u>Porretto's purported breach of contract claim against the Park Board is barred by governmental immunity and because no such contract remains in effect and any breach of contract claim is barred by limitations</u>.

---

[3] *See* discussion in Part III(B) *infra*.

[4] *See, e.g., Hearth, Inc. v. Dep't of Public Welfare*, 617 F.2d 381, 382-83 (5th Cir. 1980); *Valco Instruments Co., L.P. v. Spring Branch Mgmt. Dist.*, No. 4:08-cv-01055, 2009 U.S. Dist. LEXIS 152970, at *4-5 (S.D. Tex. Jan. 27, 2009) (granting Rule 12(b)(6) motion dismissing direct federal takings claim) (Ellison, J.); *Morin v. Mental Health Mental Retardation Auth.*, No. H-05-2520, 2006 U.S. Dist. LEXIS 40653, at *4-7 (S.D. Tex. June 19, 2006) (Ellison, J.); *Janik v. City of Dallas*, No. 3:95-CV-2594-D, 1998 U.S. Dist. LEXIS 5827, at *8-9 (N.D. Tex.) ("It is settled that plaintiffs cannot bring a civil action against the City except through the remedial device of 42 U.S.C. §1983," dismissing direct federal takings claim), *aff'd without op.*, 226 F.3d 641 (5th Cir. 1998). *Devillier v. Texas*, No. 3:20-CV-00223, 2021 U.S. Dist. LEXIS 165951 (S.D. Tex. Jul. 30, 2021), *op. adopted*, 2021 U.S. Dist. LEXIS 164573 (S.D. Tex. Aug. 31, 2021), which concerns a federal takings claim against the State, which is not a suable entity under 42 U.S.C. §1983, therefore is not to the contrary.

[5] *See* Motion to Dismiss/Abstain by the Galveston Park Board of Trustees and the City of Galveston [Doc. No. 18], p. 7 & n. 10; Response and Opposition of The Galveston Park Board of Trustees and the City of Galveston to Plaintiff's Verified Emergency Motion for Temporary Restraining Order and Request for Order to Show Cause [Doc. No. 58], pp. 3-4.

      f.      <u>Porretto has not stated a viable accounting or reimbursement claim.</u>

      g.      <u>Porretto has not stated a viable inverse condemnation or takings claim under the Texas Constitution</u>.

## I.
## INTRODUCTION & OVERVIEW

Porretto's most recent pleading, her fourth, chronicles decades of perceived grievances that she and her family claim to have concerning the State of Texas, the Park Board and the City with regard to the so-called Porretto Beach Property (the "Property").[6] Porretto complains expansively about conduct purportedly occurring before and during the Bankruptcy Proceeding she filed on July 27, 2009,[7] as well as after June 25, 2020, when the Bankruptcy Court signed an order abandoning the Property to her. Porretto filed this suit in Bankruptcy Court on June 25, 2021. On December 21, 2021, Bankruptcy Judge David R. Jones transferred her case to this Court.[8] The Bankruptcy case is now fully administered.[9]

The sole jurisdictional basis Porretto alleges is "related to" jurisdiction under 28

---

[6] As discussed in greater detail below, all of Porretto's multitudinous complaints occurring before June 24, 2019, are barred by limitations. Therefore, neither this Court nor defendants need devote substantial attention to the litany of claims in the Complaint about activities purportedly occurring before that time. Those allegations have neither jurisdictional nor substantive significance.

[7] *In re Sonya Porretto, Debtor*, No. 09-35324 (Bankr. S.D. Tex.) (the "Bankruptcy Proceeding"). On July 27, 2009, Porretto filed a voluntary petition for relief under chapter 11, title 11 of the U.S. Code. On December 19, 2011, the Court converted the bankruptcy case to a Chapter 7 proceeding. On July 22, 2013, the Court discharged Porretto under Bankruptcy Code §727 [Bankr. Doc. No. 424] (the "Discharge Order"). On June 25, 2020, the Court signed the Order Regarding Abandonment [Bankr. Doc. No. 748] (the "Abandonment Order").

[8] [Doc. No. 50].

[9] *See* Order dated April 12, 2022 [Bankr. Doc. No. 819], in the Bankruptcy Proceeding.

U.S.C. §1334(b).[10] All of her claims relate to Property[11] the Chapter 7 Trustee abandoned on June 25, 2020, and none relate to the Bankruptcy Case. Specifically, Porretto complains about purported interference with her "right to use, enjoy and alienate" the abandoned Property and damages purportedly caused to the abandoned Property.[12] None of her claims concern estate property (since the abandoned Property is no longer part of the estate) or will affect the Bankruptcy Case (since each of the claims is personal to Porretto and the Bankruptcy has now been fully administered). Nor do any of Porretto's claims implicate the Abandonment Order, since no party disputes the effect of the Abandonment Order. Porretto therefore has failed to satisfy her burden to prove that "related to" jurisdiction exists. Moreover, even if Porretto had properly invoked the Court's jurisdiction over any of her claims, the Court lacks subject matter jurisdiction over the state law claims that are barred by the Park Board and City's governmental immunity.

In addition, Porretto's various claims should be dismissed under FED. R. CIV. P. 12(b)(6), because they do not state a claim upon which relief may be granted, for the reasons discussed below.

---

[10] Complaint, ¶1.

[11] The term "Property" means all of the "Abandoned Property" described the Abandonment Order.

[12] Complaint, pp. 1 - 5, ¶¶96 -103 (Fifth Amendment takings claim), 105 -110 (Fifth Amendment takings claim), 112 - 113 (state law inverse condemnation claim), 115 -118 (Fifth Amendment takings claim), 120 - 124 (state law takings claim), 126 – 128 (Fourteenth Amendment due process claim), 130 - 132 (state law breach of contract claim), 134 – 135 (state law tort claim), 137 – 141 (Texas Water Code claim), 143 -144 (state law claim for accounting and reimbursement), 146 – 149 (injunctive relief), 151 – 156 (declaratory relief), 158 – 159 (Texas Tort Claims Act).

## II.
## THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PORRETTO'S COMPLAINT

**A.    Standard of Review under FED. R. CIV. P. 12(b)(1).**

"Federal courts are courts of limited jurisdiction," and "the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). For that reason, "a federal court is required to presume that a cause of action lies outside [its] limited jurisdiction until the party asserting jurisdiction can prove otherwise." *Griffith v. Alcon Research, Ltd.,* 712 F. App'x 406, 408 (5th Cir. 2017) (internal quotation marks omitted). Porretto has failed to do so here.

**B.    Jurisdiction Does Not Exist Under 28 U.S.C. §1334(b).**

1.    Subject Matter Jurisdiction Is a Threshold Issue.

A threshold issue in every federal case, including the adversary proceeding Porretto initially filed in bankruptcy court, is the existence of subject matter jurisdiction. *USA Promlite Tech., Inc. v. Am. First Nat'l Bank (In re USA Promlite Tech., Inc.),* No. 18-36893, 2020 Bankr. LEXIS 3441, at *8 (Bankr. S.D. Tex. Dec. 9, 2020) (citing *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 512 (5th Cir. 1980)); *see also Ruhrgas Ag v. Marathon Oil Co.,* 526 U.S. 574, 577, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999) ("[W]ithout jurisdiction the court cannot proceed at all in any cause.") (quoting *Ex parte McCardle,* 74 U.S. 506, 514, 19 L. Ed. 264 (1869)).

2.    Abandonment Extinguished Jurisdiction Over the Property and Porretto's Rights in the Property.

Although the district court in a Title 11 case has exclusive jurisdiction over the property of a debtor or the estate when the case is commenced, that jurisdiction terminates when property is no longer property of the estate. *See Borrego Springs Bank v. Skuna River*

*Lumber, L.L.C. (In re Skuna River Lumber, L.L.C.)*, 564 F.3d 353, 355 (5th Cir. 2009) (finding no jurisdiction over property sold by the estate); *Wilton Armetale, Inc. v. Gordon Bros. Commer. & Indus. LLC (In re Wilton Armetale, Inc.)*, No. 16-16779, 2019 Bankr. LEXIS 787, at *7 (Bankr. E.D. Pa. Mar. 11, 2019) (finding no subject matter jurisdiction over property abandoned by the estate); *Lyn v. Transamerica Small Bus. Capital, Inc. (In re Lyn)*, 483 B.R. 440, 451 (Bankr. D. Del. 2012) (same); *see also* 1 COLLIER ON BANKRUPTCY §3.01 (Alan N. Resnick & Henry J. Sommer ed. Rev. 2008). Upon abandonment, the estate holds no interest in the property, the property reverts to the debtor, and "the debtor's rights to the property are treated as if no bankruptcy petition was filed." *Id*. (citing 5 COLLIER ON BANKRUPTCY §554.02).

Here, it is undisputed that the Trustee abandoned the Property and it reverted to Porretto. Under the controlling law of abandonment, the Court lacks jurisdiction over the Complaint.

### 3.    This Is Not a Core Proceeding.

Although Porretto pleads that "[t]his is a core proceeding,"[13] that allegation is false; none of her claims can be considered "arising in" or "arising under" Title 11. A proceeding is core "if it invokes a substantive right provided by title 11 or if it is a proceeding that, by nature, could only arise in the context of a bankruptcy case." *Id*. (citing *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987)). None of Porretto's claims invoke a substantive bankruptcy right or are proceedings that could arise only in the context of a bankruptcy case. *See Burch v. Freedom Mortg. Corp. (In re Burch)*, 835 F. App'x 741, 748 (5th Cir. 2021); *Lewis v.*

---

[13] Complaint, ¶2.

6

*Harris*, No. 3:08-cv-588, 2012 U.S. Dist. LEXIS 200384, at *15 (S.D. Miss. Apr. 4, 2012) (finding that common law claims did not arise in or under title 11).

> ### 4.   None of Porretto's Claims Involve "Related To" Jurisdiction.

Nor are Porretto's claims "related to" the bankruptcy proceeding. A matter is "related to" a bankruptcy proceeding if "the outcome of the proceeding could conceivably have any effect of the estate being administered in bankruptcy." *Burch*, 835 F. App'x. at 748 (quoting *Pacor Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)). Such an action must "alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and . . . impact[] upon the handling and administration of the estate." *In re Majestic Energy Corp.*, 835 F.2d 87, 90 (5th Cir. 1988) (quoting *Pacor*, 743 F.2d at 994).

Here, no "related to" jurisdiction exists. The key question to be asked when determining the existence of "related to" jurisdiction is whether a favorable outcome would have any effect on the estate. *See Burch*, 835 F. App'x at 748; *FireEagle L.L.C. v. Bischoff (In re Spillman Dev. Group)*, 710 F.3d 299, 305 (5th Cir. 2013); *see also Lyn*, 483 B.R. at 451. A judgment in Porretto's favor would result in a judgment against defendants on account of some combination of takings, inverse condemnation, breach of contract, or tort theories, the benefits of which would neither accrue to the estate, nor render the estate liable, because the Trustee earlier abandoned the entirety of its interest in the Property to Porretto. *See Wilton*, 2019 Bankr. LEXIS, at *6-7 (when the trustee completely abandons estate property and retains no interest such that a judgment could accrue to the estate, no related to jurisdiction exists); *see also Lyn*, 483 B.R. at 451 (same). And, in any event, the

Bankruptcy estate has now been fully administered, so no conceivable impact on the estate could occur.[14]

Porretto's claims relate solely to the abandoned Property, do not implicate the handling and administration of the estate, and the administration of the estate is now complete. Therefore, no related-to jurisdiction exists.

5. The Abandonment Order Does Not Confer Jurisdiction Over Porretto's Claims.

To the extent that Porretto should later contend that the "retention of jurisdiction" language in the Abandonment Order bolsters her jurisdictional argument, that argument likewise fails. The Abandonment Order states:

> The Court shall retain exclusive jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order or the Trustee's Abandonment of the Abandoned Property, and to adjudicate, if necessary, any and all disputes concerning or in any ways relating to the Abandonment.

Abandonment Order, ¶ 6 (emphasis added).

Although a court retains authority and subject matter jurisdiction to interpret its own orders, that principle does not empower a court to manufacture jurisdiction over disputes which arise independent of, and are separate from, the subject matter of the order. *See Burch*, 835 F. App'x at 748 (citing *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (bankruptcy courts maintain jurisdiction to interpret their orders)); *TMT Procurement Corp v. Vantage Drilling Co. (In re TMT Procurement Corp.)*, 764 F.3d 512,

---

[14] *See* Order dated April 12, 2022 [Bankr. Doc. No. 819]. in the Bankruptcy Proceeding.

525 (5th Cir. 2014) (a bankruptcy court cannot use its orders to manufacture jurisdiction over property it lacked jurisdiction over).

For jurisdiction to exist based upon a theory of retained jurisdiction, the case must require the interpretation of the court's prior order.  *See Lee v. Choudhri (In re Briar Bldg. Hous. LLC)*, No. 18-32218, 2021 Bankr. LEXIS 1603, at *9 (Bankr. S.D. Tex. June 16, 2021) (Rodriguez, J.); *In re Henry*, No. 13-30519, 2018 Bankr. LEXIS 4239, at *3 (Bankr. S.D. Tex. Oct. 17, 2018) (Jones, J.) (seeking to enforce a discharge injunction); *see also In re Craig's Stores of Tex., Inc.*, 266 F.3d 388, 391 (5th Cir. 2001) (requiring interpretation of a confirmation order).

Porretto's suit does not require or depend upon an interpretation of the Abandonment order, irrespective of anything Porretto might otherwise claim.  None of Porretto's claims require the Court to interpret or enforce the Abandonment Order.  Accordingly, Porretto cannot rely upon the Abandonment Order to establish the Court's subject matter jurisdiction over her Complaint, and the Court should dismiss the Complaint.

## C.   Governmental Immunity Protects the Park Board and the City from Suit and from Liability, and the Court Lacks Jurisdiction Over All Such Immunity-Barred Claims.

The Court also lacks jurisdiction over Porretto's purported state-law claims discussed below, which are barred by the Park Board's and the City's governmental immunity.[15] "A case is properly dismissed for lack of subject matter jurisdiction when the

---

[15] The Galveston Park Board of Trustees is a local government entity formed pursuant to TEX. LOC. GOV'T CODE ANN. §306.011 *et seq*.; GALVESTON, TEX. CODE §26-47 (1982). The City is an incorporated Texas "home rule" city. CITY OF GALVESTON, TEX. CHARTER art. I, §4. The Park

court lacks the statutory or constitutional power to adjudicate the case." *USA Promlite Tech.,* 2020 Bankr. LEXIS 3441, at *9 (internal citations omitted). "A defendant's correct assertion of governmental immunity is reason to grant a motion to dismiss under Rule 12(b)(1) because the court lacks subject matter jurisdiction to adjudicate the dispute." *Id.*, at *10 (granting 12(b)(1) motion to dismiss breach of contract, unjust enrichment and quantum meruit claims based on city's governmental immunity) (citing *Springboards to Educ., Inc. v. Hous. Indep. Sch. Dist.*, No. H-16-2625, 2017 U.S. Dist. LEXIS 221322, at *5-6 (S.D. Tex. Sept. 20, 2017) (granting the school district's Rule 12(b)(1) motion to dismiss because it was entitled to governmental immunity)).

"Because a governmental unit is protected from suit by governmental immunity, pleadings in a suit against a governmental unit must affirmatively demonstrate, either by reference to a statute or express legislative permission, that the Legislature has consented to the suit." *Finna Fail, LP v. Moore*, No. H-10-2045, 2010 U.S. Dist. LEXIS 136488, at *13, 2010 WL 5437272 (S.D. Tex. Dec. 27, 2010) (quoting *City of Hous. v. Swinerton Builders*, 233 S.W.3d 4, 10 (Tex. App.—Houston [1st Dist.] 2007, no pet.)). "Unless that government unit consents to being sued, the trial court does not have jurisdiction over the case." *Id.*

---

Board and the City respectfully request that the Court take judicial notice of the relevant statute and portions of the City Code and City Charter per FED. R. EVID. 201; *Demos v. City of Indianapolis*, 302 F.3d 698, 706 (7th Cir. 2002) (observing that "a district court can always rely on public statutes" and concluding that "matters of public record such as state statutes, city charters, and city ordinances fall within the category of 'common knowledge' and are therefore proper subjects of judicial notice")(quotation and citation omitted)); *see also Overton v. City of Austin*, 748 F.2d 941, 954, 955 n.15 (5th Cir. 1984) (citing Texas cases which permit courts to take judicial notice of city charters and the incorporated status of home rule cities).

The Park Board and the City, both of which are local government entities under Texas law,[16] are immune from Porretto's state-law claims because:

- Porretto has not pled, and Texas law does not provide, a waiver of governmental immunity for Porretto's alleged tort claims.[17] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§101.001 *et seq.* (preserving governmental immunity except in limited circumstances involving motor-driven vehicles or equipment or involving personal injury or death, which are not present here). Porretto's invocation of the Texas Tort Claims Act does not impact the Park Board's or the City's governmental immunity.[18] To the contrary, the Texas Tort Claims Act explicitly "does not apply to a claim arising out of . . . [an] intentional tort" like tortious interference. *Id.* §101.057(2); *Holloway v. Skinner*, 898 S.W.2d 793, 795-96 (Tex. 1995) (stating that tortious interference is an intentional tort); *see also City of Hous. v. Guthrie*, 332 S.W.3d 578, 593 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (holding that the Act "does not waive sovereign immunity for intentional torts," including tortious interference with contract); *Ethio Express Shuttle Serv. v. City of Hous.*, 164 S.W.3d 751, 758 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (same).

- Porretto has not pled, and Texas law does not provide, a waiver of governmental immunity for Porretto's alleged breach-of-contract claim.[19] *See* TEX. LOC. GOV'T CODE ANN. §271.156 (preserving governmental immunity for contract actions brought against local government entities in federal court).[20]

---

[16] *Id.*

[17] *See* Complaint, ¶¶133-135 (state-law tort claim), 157-59 (Texas Tort Claims Act claim).

[18] Porretto specifically invokes TEX. CIV. PRAC. & REM. CODE ANN. §101.0215(a)(33), *see* Complaint, ¶159, which deals with a municipality's animal control functions and is wholly irrelevant.

[19] *See* Complaint, ¶¶129-32 (state-law breach-of-contract claim).

[20] *USA Promlite Tech.*, 2020 Bankr. LEXIS 3441, at *21-22, *22 n.109 (citing *Smith v. Hous. Ind. Sch. Dist.*, 229 F. Supp. 3d 571, 576, 582 (S.D. Tex. 2017) (dismissing breach of contract claim based on finding that school district was entitled to governmental immunity and section 271.156 of the Texas Local Government Code "explicitly exempts suits in federal court from [limited] waiver found in section 271.152")); *Nationwide Pub. Ins. Adjusters Inc. v. Edcouch-Elsa I.S.D.*, 913 F. Supp. 2d 305, 310-12 (S.D. Tex. 2012) (dismissing breach of contract claim based on finding that school district was acting in its governmental capacity and plaintiff had not shown that the school district waived that immunity, particularly because immunity could not be waived in federal court pursuant to Texas Local Government Code section 271.156); *Olford v. City of Hous.*, No. H-17-3421, 2018 U.S. Dist. LEXIS 108965, at *18 (S.D. Tex. June 29, 2018) (dismissing breach of contract claim based on finding that "[t]he Texas Local Government Code makes it clear that immunity is not waived for breach of contract claims in federal court"); *Scherff*

- Porretto has not pled, and Texas law does not provide, a waiver of governmental immunity for Porretto's alleged claim under the Texas Water Code.[21] *See City of Midlothian v. Black*, 271 S.W.3d 791, 795-98 (Tex. App.—Waco 2008, no pet.) (holding that the Legislature did not clearly and unambiguously waive immunity for a violation of Tex. Water Code Ann. §11.086(a)); *Konark Ltd. P'ship v. BTX Sch., Inc.*, 580 S.W.3d 194, 201 n.2 (Tex. App.—San Antonio 2018, pet. denied); *City of Leon Valley v. WM. Ranchere States Joint Venture*, No. 04-14-00542-CV, 2015 Tex. App. LEXIS 5124, at *8 (Tex. App.—San Antonio May 20, 2015, no pet.).

- Porretto has not pled a viable claim for inverse condemnation or takings under the Texas Constitution sufficient to invoke a waiver of the City's governmental immunity.[22] *See Five Corners Improvement Dist. v. JKO Enters., LLC*, No. 14-20-00116-CV, 2021 Tex. App. LEXIS 3398, at *5, 2021 WL 1745351 (Tex. App.—Houston [14th Dist.] May 4, 2021, pet. denied) (stating that a plaintiff must plead a viable claim, not simply invoke the constitution, to invoke a waiver of immunity over state constitutional claims); *City of Dallas v. Blanton*, 200 S.W.3d 266, 272 (Tex. App.—Dallas 2006, no pet.) ("When a plaintiff does not allege a valid inverse condemnation claim, governmental immunity applies."). None of the conduct Porretto attributes to the Park Board or the City states a viable takings or inverse condemnation claim.[23]

---

*v. S. Tex. Coll.*, No. 7:16-CV-658, 2017 U.S. Dist. LEXIS 141458, at *25, *56 (S.D. Tex. Aug. 31, 2017) (dismissing breach of contract claim based on finding that plaintiff did not show that a statutory waiver of immunity applied to the college, but stating that "even if [plaintiff] had, the [c]ourt independently notes that the waiver set forth by §271.152 'does not waive sovereign immunity in suit in federal court'") (citing Tex. Loc. Gov't Code Ann. §271.156); *Alamo Forensic Servs., LLC v. Bexar Cty.*, No. SA-20-CV-38-XR, 2020 U.S. Dist. LEXIS 88317, at *7 (W.D. Tex. May 19, 2020) (dismissing breach of contract and quantum meruit claim based on a finding that governmental immunity cannot be waived in federal court under Texas Local Government Code section 271.156)).

[21] *See* Complaint, ¶¶136-41 (Texas Water Code claim).

[22] *See* Complaint, ¶¶111-13 (state-law inverse condemnation claim), 119-24 (Texas Constitution takings claim); *see also* discussion *infra* Part III(F)(3).

[23] *See* discussion *infra* Part III(F)(3). With respect to the City, Porretto variously complains that the City sent correspondence rejecting her purported objections to the Stewart Beach Drainage Project (Complaint, ¶¶24-25), the City appoints Park Board members, which it is statutorily-authorized to do (*id.*, ¶¶39, 53), approved a Park Board request for a city permit for the Stewart Beach Drainage Project (*id.*, ¶44), did not provide adequate oversight over the Park Board (*id.*, ¶54), asserts on information and belief the City has had Porretto Beach surveyed (*id.*, ¶56), knew or should have known of the misconduct Porretto alleges about the Park Board and failed to cause it to rectify her complaints (*id.*, ¶57), asserts on information and belief there may be unspecified sewage leaks from City pipes (that are not alleged to have contaminated Porretto's property) (*id.*, ¶69), claims the City has monitored Porretto's compliance with City regulations (*id.*, ¶¶73-75),

Because the Complaint does not establish a waiver of the Park Board's or the City's governmental immunity from suit and from liability on the Porretto state-law claims discussed above, the Court should dismiss them.

## D.   No Jurisdictional Basis Exists for Declaratory or Injunctive Relief.

Porretto requests declaratory relief[24] via the Declaratory Judgment Act, 28 U.S.C. §§2201 *et seq.*, but that Act "is procedural only and is not an independent basis of jurisdiction in federal courts." *M. L. v. Frisco Indep. Sch. Dist.*, 451 F. App'x 424, 426 (5th Cir. 2011) (citing *Vaden v. Discover Bank*, 556 U.S. 49, 70 n.19 (2009)); *Jolly v. United States*, 488 F.2d 35, 36 (5th Cir. 1974) (per curiam) ("The Declaratory Judgment Act . . . does not of itself confer jurisdiction on the federal courts."). Porretto also requests injunctive relief,[25] but "a court has no authority to grant an injunction without some independent basis of federal jurisdiction." *Higareda v. U.S. Postal Serv.*, No. 93-7049, 1993 U.S. App. LEXIS 39368, at *2 (5th Cir. Sept. 23, 1993); *see also Garcia v. Limon*, No. 1:19-cv-120, 2019 U.S. Dist. LEXIS 224231, at *14, 2019 WL 7494398 (S.D. Tex. Nov. 4, 2019) ("A request for injunctive relief is not an independent basis for subject matter jurisdiction."). Thus, Porretto's requests for declaratory and injunctive relief require an

---

claims the City purportedly denied Porretto a water hookup at some unspecified date in the past (*id.*, ¶82), sent Porretto a violation notice regarding the City's sign ordinance (*id.*, ¶84), has not been responsive to her complaints about past allegations of sand theft (*id.*, ¶85), ran a fire hydrant during inclement weather that caused water to run down a Porretto Beach ramp in violation of fire code provisions (*id.*, ¶87), and sent a utility shut off notice to Porretto's mother for a water bill (*id.*, ¶88). None of this purported conduct, taken individually or collectively, constitutes a taking or damaging of property actionable under the Texas Constitution.

[24] *See* Complaint, ¶¶150-54 (request for declaratory judgment), 155-56 (request for declaratory judgment).

[25] *See* Complaint, ¶¶145-49 (request for injunction).

independent basis to exercise subject matter jurisdiction, but no such basis exists here.

In conclusion, the Court lacks subject matter jurisdiction over all of Porretto's claims and should dismiss her suit in its entirety under Rule 12(b)(1).

### III.
### PORRETTO'S COMPLAINT FAILS TO STATE PLAUSIBLE CLAIMS FOR RELIEF

**A.     Standard of Review under FED. R. CIV. P. 12(b)(6).**

Although a complaint need not include detailed factual allegations, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and must provide more than labels, conclusions, or a formulaic recitation of the elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 570 (2007). If a plaintiff fails to allege facts sufficient to "nudge[ ] [her] claims across the line from conceivable to plausible, [her] complaint must be dismissed" under Rule 12(b)(6). *Twombly*, 550 U.S. at 570.

Even if the Court had subject matter jurisdiction over Porretto's claims, which it does not, the Court should dismiss her claims under Rule 12(b)(6) because she fails to state any plausible entitlement to relief on the theories she has asserted.

**B.     Porretto Has Not Stated a Direct Federal Constitutional Claim Against the Park Board or the City, Because No Such Claim Exists.**

Porretto purports to assert direct causes of action under the federal constitution for takings without just compensation in violation of the Fifth Amendment[26] and a deprivation of her Fourteenth Amendment due process rights.[27]   However, no direct causes of action

---

[26] *See* Complaint, ¶¶96-103 (Fifth Amendment takings claim), 114-18 (Fifth Amendment takings claim).

[27] *See* Complaint, ¶¶125-28 (Fourteenth Amendment due process claim).

exist under the U.S. Constitution against local governmental units apart from limited circumstances not present here, because the proper vehicle for such allegations is 42 U.S.C. §1983, where Congress has provided the means to obtain relief.[28] Porretto's failure to properly plead these purported constitutional violations warrants dismissal of those claims under Rule 12(b)(6) without affording her yet another opportunity to amend, particularly because Porretto has long been on notice that the proper mechanism for asserting any purported constitutional claim against the Park Board and the City is through a §1983 action.[29]

### C.   Porretto Has Not Stated a Viable Federal Constitutional Claim Against the City.

None of the conduct Porretto attributes to the City states a viable Fifth Amendment or Fourteenth Amendment claim. *See* note 23 *supra* for a catalogue of the various complaints Porretto has lodged against the City, none of which suffice to state a viable Fifth Amendment or Fourteenth Amendment claim.

### D.   All of Porretto's Purported Constitutional Claims Arising Before June 24, 2019, Are Barred by Limitations.

The Bankruptcy Court abandoned the Property to Porretto on June 25, 2020.

---

[28] *See, e.g., Hearth, Inc.* 617 F.2d at 382-83; *Valco Instruments Co., L.P.,* 2009 U.S. Dist. LEXIS 152970, at *4-5 (granting Rule 12(b)(6) motion dismissing direct federal takings claim) (Ellison, J.); *Morin*, 2006 U.S. Dist. LEXIS 40653, at *4-7 (Ellison, J.); *Janik*, 1998  U.S. Dist. LEXIS 5827, at *8-9 ("It is settled that plaintiffs cannot bring a civil action against the City except through the remedial device of 42 U.S.C. §1983," dismissing direct federal takings claim), *aff'd without op.*, 226 F.3d 641 (5th Cir. 1998). *Devillier,* 2021 U.S. Dist. LEXIS 165951, *op. adopted*, 2021 U.S. Dist. LEXIS 164573 (Aug. 31, 2021), which concerns a federal takings claim against the State, which is not a suable entity under 42 U.S.C. §1983, therefore is not to the contrary.

[29] *See* Motion to Dismiss/Abstain by the Galveston Park Board of Trustees and the City of Galveston [Doc. No. 18], p. 7 & n. 10; Response and Opposition of The Galveston Park Board of Trustees and the City of Galveston to Plaintiffs Verified Emergency Motion for Temporary Restraining Order and Request for Order to Show Cause [Doc. No. 58], pp. 3-4.

Porretto filed this suit one year later, on June 25, 2021.

As discussed previously, Porretto has no viable direct claim under the federal constitution against the Park Board or the City as a matter of law.[30] But even if Porretto were to assert her claims under 42 U.S.C. §1983, as she is required to do under existing United States Supreme Court and Fifth Circuit precedent, or if this Court were to analyze her constitutional claims against the Park Board and the City under §1983, those claims are subject to a two-year statute of limitations, since federal courts borrow the relevant state's statute of limitations for personal injury actions, which in Texas is two years. *See Wilson v. Garcia*, 471 U.S. 261, 271 (1985); *Stringer v. Town of Jonesboro*, 986 F.3d 502, 510 (5th Cir. 2021) (federal takings claim under §1983 "must borrow the relevant state's statute of limitations for personal injury actions"); *Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018) (two-year statute applicable to federal takings claim); *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759 (5th Cir. 2015).

All of the federal constitutional complaints that Porretto has asserted or alluded to that concern conduct occurring before June 24, 2019, therefore are barred by limitations. *See, e.g.*, Complaint, p. 5 (alleging sand mining and damage to the Property in 2013, 2015 and 2017), p. 6 (an unspecified purported "land grab" in 2017), ¶18 (actions purportedly taken in 2013, 205 [sic] and a 2017 renourishment project), ¶32 (2013 report of purported sand theft), ¶34 (2012 shoreline excavation activities), ¶35 (2013 shoreline excavation activities), ¶37 (2015 occupation of Porretto Beach), ¶38 (2017 beach renourishment activities), ¶58 (2013, 2015 and 2017 activities).

---

[30] *See* discussion *supra* Part III(B).

**E.     All of Porretto's State-Law Claims Are Barred by Immunity Against Liability.**

Under Texas law, government immunity accords a government entity immunity both from suit as well as from liability. *See, e.g.*, *DART v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). Therefore, for the same reasons that the Park Board and City remain immune from suit on Porretto's state-law claims, they remain immune from liability for any such claims. The Park Board and City therefore retain governmental immunity from liability for the following Porretto claims:

- Porretto's alleged tort claims.[31] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§101.001 *et seq.*

- Porretto's purported breach of contract claim (breach of settlement agreement) against the Park Board.[32] *See* TEX. LOC. GOV'T CODE ANN. §271.156 (preserving governmental immunity for contract actions brought against local government entities in federal court).

- Porretto's purported claim under the Texas Water Code.[33] *See City of Midlothian,* 271 S.W.3d at 795-98 (holding that the Legislature did not clearly and unambiguously waive immunity for a violation of TEX. WATER CODE ANN. §11.086(a)); *Konark,* 580 S.W.3d at 201 n.2; *City of Leon Valley*, 2015 Tex. App. LEXIS 5124, at *8.

- Porretto's purported Texas constitutional claims.[34] *See Five Corners Improvement Dist.*, 2021 Tex. App. LEXIS 3398, at *5 (stating that a plaintiff must plead a viable claim, not simply invoke the constitution, to invoke a waiver of immunity over state constitutional claims). Porretto has not pled a viable Texas constitutional claim against the Park Board or the City.[35] For that reason both remain immune from those claims.

---

[31] *See* Complaint, ¶¶133-135 (state-law tort claim), 157-59 (Texas Tort Claims Act claim).

[32] *See* Complaint, ¶¶129-32 (state-law breach-of-contract claim).

[33] *See* Complaint, ¶¶136-41 (Texas Water Code claim).

[34] *See* Complaint, ¶¶111-13 (state-law inverse condemnation claim), 119-24 (Texas Constitution takings claim).

[35] *See* discussion *infra* Part III(F)(3).

17

**F.      Additional Reasons Why Porretto Has Not Stated Viable Claims.**

1.      <u>No settlement agreement continued to exist after December 19, 2011, and any breach allegation is barred by limitations.</u>

In addition to being barred by immunity, Porretto's breach-of-contract claim[36] against the Park Board fails as a matter of law for the additional reason that no contract continued to exist between Porretto and the Park Board after the Bankruptcy Trustee was appointed on December 19, 2011. Although Porretto alleges that "[a] Settlement Agreement was entered into between Ms. Porretto and the Park Board in the main Bankruptcy (Doc. No. 195),"[37] the Bankruptcy file makes plain that agreement was extinguished when the bankruptcy case was converted to a Chapter 7 proceeding on December 19, 2011, and a trustee was appointed.[38] With no operative agreement upon which to base a breach-of-contract action, and any such claim barred by the applicable four-year limitations period,[39] Porretto's claim fails as a matter of law for these additional reasons.

---

[36] *See* Complaint, ¶¶129-32 (state-law breach-of-contract claim).

[37] Complaint, ¶58.

[38] *See* Chapter 7 Trustee's Application to Compromise Controversy with the Park Board of Trustees of the City of Galveston [Bankr. Doc. No. 521] (filed Sept. 3, 2015), ¶8 ("After his appointment, the Trustee explained to both Ms. Porretto and the Park Board that the agreement was not written to continue in chapter 7 and that if the parties wanted, he would be a party to a new agreement that embodied the old terms or incorporated new terms."); Agreed Order Regarding Galveston Park Board Vacating Show Cause Order [Bankr. Doc. No. 195] (entered Nov. 19, 2010), p. 5 (Porretto Beach Maintenance Agreement ¶5.5) ("This Agreement is solely between Porretto and the Park Board.").

[39] TEX. CIV. PRAC. & REM. CODE ANN. §16.004(a).

2.      <u>Porretto has not stated a viable accounting and reimbursement claim.</u>

Porretto purports to assert a "Claim for Accounting and Reimbursement."[40] Although Porretto does not recite any legal basis for such a "claim," Texas courts recognize an accounting claim in equity. *T.F.W. Mgmt. v. Westwood Shores Prop. Owners Ass'n*, 79 S.W.3d 712, 717 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). However, "[t]o be entitled to an accounting, a plaintiff usually must have a contractual or fiduciary relationship with the party from which the plaintiff seeks the accounting." *Id.*

> An equitable accounting is proper when the facts and accounts presented are so complex [that] adequate relief may not be obtained at law. When a party can obtain adequate relief at law through the use of standard discovery procedures, such as requests for production and interrogatories, a trial court does not err in not ordering an accounting.

*Id.* at 717-18. The Court should dismiss Porretto's accounting "claim" because: (1) she has not pled any contractual or fiduciary relationship with either the Park Board or the City, and (2) she can obtain relief at law through standard discovery procedures.

Nor does Porretto provide any factual basis for the "reimbursement" claim she asserts, stating simply that she "should receive a pro rata share of the funding which was never used for the improvement of Porretto Beach."[41] First, a "reimbursement" from the Park Board or the City necessarily requires Porretto to have paid the Park Board or the City monies which can be reimbursed. Porretto has pled no facts showing any payment to the Park Board or the City which can be "reimbursed." Second, to the extent Porretto instead seeks a disbursement of Park Board of City funds that either entity received from a third

---

[40] *See* Complaint, ¶¶142-44 (request for accounting and reimbursement).

[41] Complaint, ¶144.

party, she has made no showing that she is entitled to any such payment. Third, to the extent Porretto seeks to recoup money from either the Park Board or the City, any such claim is barred by their respective governmental immunities absent an express statutory waiver of that immunity. Porretto has not pled the existence of any such immunity waiver, and none exists. For these reasons, the Court should dismiss Porretto's reimbursement "claim."

     3.    <u>Porretto has not alleged viable State constitutional and inverse condemnation claims.</u>

The Complaint purports to allege separate claims for inverse condemnation[42] and a violation of TEX. CONST. art. I, §17.[43] Whether based upon the common law or the Texas Constitution, Porretto has not stated a viable taking claim under Texas law.

"To properly assert an inverse-condemnation claim against a governmental entity, a party must *plead* the following elements: (1) the governmental entity intentionally performed an act in the exercise of its lawful authority; (2) that resulted in the taking, damaging, or destruction of the party's property; (3) for public use." *City of Midlothian*, 271 S.W.3d at 799 (citing *Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 598 (Tex. 2001)) (emphasis in original).

To satisfy element (1), a plaintiff must show that the government entity either "(1) [knew] that a specific act [was] causing identifiable harm; or (2) [knew] that the specific property damage [was] substantially certain to result from an authorized government

---

[42] *See* Complaint, ¶¶111-13 (state-law inverse condemnation claim).

[43] *See* Complaint, ¶¶119-24 (Texas Constitution takings claim).

action—that is, that the damage [was] 'necessarily an incident to, or necessarily a consequential result of' the government's action." *City of Dallas v. Jennings*, 142 S.W.3d 310, 314 (Tex. 2004) (quoting *Tex. Highway Dep't v. Weber*, 219 S.W.2d 70, 71 (Tex. 1949)). A plaintiff does not satisfy element (3) "[w]hen damage is merely the accidental result of the government's act" because "there is no public benefit and the property cannot be said to be taken or damaged *for public use*." *Id.* at 313 (internal quotation omitted) (emphasis in original).

Government-induced flooding of the sort Porretto complains about only constitutes a compensable taking when it is "intermittent, frequent and inevitably recurring . . . otherwise it is merely a consequential injury or tort; flooding that can be characterized as a random occurrence, not inevitably recurring, does not amount to a taking of property." *Reunion Hotel/Tower Joint Venture v. DART*, 250 S.W.3d 203, 208 (Tex. App.—Dallas 2008, no pet.) (citing *Bennett v. Tarrant Cty. Water Control Improvement Dist. No. 1*, 894 S.W.2d 441, 448-49 (Tex. App.—Fort Worth 1995, writ denied)).

Porretto therefore has not stated a plausible entitlement to relief for common-law inverse condemnation or under the Texas Constitution because:

- Porretto has not alleged facts which could conceivably give rise to City liability for the alleged flooding and erosion which she claims underlie her takings claim. The sole City involvement in such a claim alleged is the City's purported approval of a permit for the so-called Stewart Beach Drainage Project. That allegation does not suffice to support a plausible taking claim against the City.[44]

- Porretto has not alleged the requisite intent to establish a taking, because she has not alleged that the Park Board or the City knew the Stewart Beach Drainage Project would cause identifiable harm or that damage to the Property was substantially

---

[44] *See* note 23 *supra* for a summary of Porretto's other complaints about the City, none of which can give rise to a takings claim under Texas law.

certain to result. At most, Porretto has alleged that she contends that flooding and erosion were incident to or would be a consequence of the Stewart Beach Drainage Project, which does not amount to a compensable taking under Texas law.

- Porretto has not alleged that the Park Board or the City did, in fact, take, damage, or destroy the Property. Rather, she merely states that "[b]y surreptitiously entering the land owned by the Plaintiff, the Defendants failed to compensate the Plaintiff for using her land" and alleges in a conclusory fashion that "Defendants intentionally caused damage to Porretto Beach with the flooding, sand mining and false erosion data."[45]

- Porretto has not alleged that any purported flooding of the Property was intermittent, frequent, or inevitably recurring, rather than a random occurrence.

- Porretto has not alleged that the purported flooding about which she complains was implemented for public use. Rather, she makes the blanket statement that the Stewart Beach Drainage Project, as a whole, was designed to benefit the public. That does not suffice to state a viable taking claim. Porretto must allege that the purported taking (*i.e.*, the alleged flooding) was intended to benefit the public. At most, Porretto's complaints and allegations about what she fears will be ineffective flood controls or an ineffective drainage project design reflect damage that "is merely the accidental result of" the Stewart Beach Drainage Project, which does not constitute a public benefit and does not satisfy the "public use" requirement. *See Jennings*, 142 S.W.3d at 313.

Because Porretto fails to establish a plausible inverse-condemnation claim or violation of TEX. CONST. art. I, §17, the Court should dismiss both claims.[46]

\* \* \*

In sum, the Complaint states no plausible entitlement to relief under any of Porretto's purported "claims," and the Court should dismiss the Complaint in its entirety under Rule 12(b)(6).

---

[45] Complaint, ¶¶112, 123.

[46] Porretto's failure to allege a valid inverse condemnation claim also creates jurisdictional issues warranting a Rule 12(b)(1) dismissal. "When a plaintiff does not allege a valid inverse condemnation claim, governmental immunity applies." *Blanton*, 200 S.W.3d at 272.

**IV.**
**CONCLUSION**

The Park Board and the City respectfully request that the Court grant their Motion

to Dismiss, dismiss Porretto's claims against them, and grant them such other and further

relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ Barry Abrams*
Barry Abrams
Attorney-in-Charge
State Bar No. 00822700
S.D. Tex. Bar No. 2138
Neil F. Young
State Bar No. 24121218
S.D. Tex. Bar No. 3635269
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 228-6601
(713) 228-6605 (fax)
barry.abrams@blankrome.com
neil.young@blankrome.com

**ATTORNEYS FOR DEFENDANTS
THE GALVESTON PARK BOARD OF TRUSTEES
AND CITY OF GALVESTON**

**CERTIFICATE OF SERVICE**

I certify that on April 22, 2022, a true and correct copy of the foregoing and/or attached instrument was served via the Court's Electronic Filing System on all parties requesting notice in this Proceeding.

*/s/ Barry Abrams*
Barry Abrams

23