UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| SONYA PORRETTO,  ) | |
| ) | |
| PLAINTIFF,  ) | |
| ) | |
| Vs.  ) | CIVIL ACTION NO. 3:21-cv-00359 |
| ) | |
| THE GALVESTON PARK BOARD OF  ) | ADVERSARY CASE NO. 21-03458 |
| TRUSTEES, CITY OF GALVESTON,  ) | |
| TEXAS GENERAL LAND OFFICE,  ) | |
| AND GEORGE B. BUSH, LAND  ) | |
| COMMISSIONER OF THE TEXAS  ) | |
| GENERAL LAND OFFICE,  ) | |
| ) | |
| DEFENDANTS.  ) | |

### DEBTOR'S AMENDED OBJECTION TO MOTIONS TO DISMISS UNDER 12(b)(1) and 12(b)(6) FILED BY DEFENDANTS AT ECF 69 AND 70

Sonya Porretto, the Debtor and Plaintiff ("Debtor" or "Porretto"), files the following consolidated amended response to the Defendants' Motions to Dismiss the Third Amended Complaint, which are filed at ECF 69 and 70 ("Response") to correct inadvertent errors in the Objection filed at ECF 71.

### BACKGROUND

The plaintiff's legal theory is straightforward. The Defendants took actions to remove and mine sand from her property for years, reducing accretion and creating damage. With knowledge of the damage caused, the Defendants pursued and began construction on a project that was inevitable to flood Porretto Beach when there was heavy enough rainfall and/or when the City deliberately ran the fire hydrants to flow onto Porretto Beach. The flooding to the Porretto Beach parking area would not have occurred but for

1

the Defendants' actions over time, which was exacerbated when the Defendants approved and commenced the Stewart Beach Drainage project in May 2021. Porretto Beach experienced flooding from May 2021 forward —flooding that would not otherwise occur.

The Third Amended Complaint cites to the factual and legal basis for the claim with greater detail than required under Rule 8 of the Federal Rules of Civil Procedure, including case law citations.

Porretto filed this suit because for over 20 years, the Defendants acted to usurp her property rights with physical and regulatory takings resorting at times to retaliatory and tortious acts to seize use and enjoyment of the property from Ms. Porretto.

Ms. Porretto was forced to file for protection under Title 11 of the Bankruptcy Code on July 27, 2009, to try to preserve her property rights to Porretto Beach. The case was converted to Chapter 7 on December 19, 2011.

In June 2020, the Trustee abandoned the Porretto Beach property to Ms. Porretto, given it was burdensome to the estate and his approved buyer failed to close. The Bankruptcy Court issued an Order approving the abandonment. The Defendants were involved in the bankruptcy and did <u>not</u> appeal the Abandonment Order. The Abandonment Order notes the Bankruptcy Court's exclusive jurisdiction. After the Abandonment Order, the property reverted to the Debtor's control -- Ms. Porretto's control.

It was too late in the 2020 season to open the largest part of Porretto Beach from 6th to 10th Street. Ms. Porretto began prepping the 6th to 10th Street tract around February to March 2021 to open for Spring 2021. After that, the same type of conduct that the Defendants engaged in prior to and during the Bankruptcy recommenced. In May 2021,

Porretto Beach was inundated by runoff from Stewart Beach. The water was redirected to Porretto Beach without Porretto Beach's consent from May 2021 to this day. The flowage is a continuing physical invasion, not just a regulatory taking. The flowage prevents Porretto's use of the property. It erodes the property, thereby causing a loss of property of Porretto Beach instead of Stewart Beach losing the property if the water flowed to the shore on Stewart Beach as it had been doing prior to May 2021.

The damage the Defendants have done and continue to do to Porretto Beach from the flooding has continued from May 2021 to the present. The mining of sand was a physical taking that exacerbated the flooding. The invasion of the property for renourishment of beaches or other actions without being approved use<u>s</u> under the State Court judgment was continuing action to damage and physically invade the property in 2013, 2015, and 2017 with the 2017 invasion creating substantial damage and removal of sand. *See* ECF 55 and 60. The Defendants' use of Porretto Beach in legal documents and official records to support erosion and claiming it is public property in funding applications was a taking of private property for public use to get revenue where Porretto received nothing for the use of its property taking possession of Porretto's property rights without her consent and over her objection. The Defendants using false data for permits and building approvals is a regulatory taking.

Defendants also entered into agreed orders with Ms. Porretto and a settlement with the Trustee related to Porretto Beach, which were all approved by the Bankruptcy Court.[1]

---

[1] ECF 168, 195 and 553.

Ms. Porretto alleges the damage that has been done was in violation of those Court Orders and a breach of the settlement agreements. This Court has jurisdiction to enforce and consider the Bankruptcy Court's Orders.

Porretto has also alleged retaliation related to Porretto Beach and negligence in the actions taken against Porretto Beach.

## LEGAL STANDARD

A Rule 12(b)(1) attack on subject matter jurisdiction requires the court to accept the sufficiency of the allegations as true. Fed. R. Civ. P. 12(b)(1). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [the court] 'presum[es] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (citation omitted).

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint does not require detailed factual allegations; it simply must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court has explained that a complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Under Federal Rule 8, the plaintiff has "no duty to set out all of the relevant facts in his complaint". "Specific facts are not necessary in a Complaint; instead, the statement need only 'give the defendant fair notice

4

of what the . . . claim is and the grounds upon which it rests.'" *Epos Tech.*, 636 F. Supp.2d 57, 63 (D.D.C. 2009) (*quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

The Federal Rules require "notice pleading" and require only a concise statement of the claim rather than evidentiary facts. The simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and to dispose of unmeritorious claims. *See Swierkiewicz*, 534 U.S. at 512. Courts have found that if the information sought by the motion is obtainable through discovery, the motion should be denied. *See, e.g., Towers Tenant Ass'n v. Towers Ltd. P'ship*, 563 F. Supp. 566, 569 (D.D.C. 1983) (denying motion for a more definite statement because details such as "dates, times, names and places" are "the central object of discovery, and need not be pleaded").

The Third Amended Complaint (ECF 39) is the pleading at issue ("Complaint"). The Complaint has detailed factual allegations as well as exhibits that go into even further detail. See, ECF 39, Exhibits 1, 2, and 3[2]. The GLO provided a chart of each of the Counts as an attachment to the Motion to Dismiss filed at ECF 70. For brevity, Porretto responds to the challenges to the specific factual allegations in a companion chart attached hereto as **Exhibit A,** which tracks the GLO's chart. Every count is supported with detailed factual allegations. The Defendants' suggestions to the contrary are without merit based on the face of the Complaint. The Complaint fully complies with Rule 8.

---

[2] The reference to the Exhibits in the text of the Complaint on page 14, footnote 8 has inadvertant clerical errors and do not properly describe the exhibits.

At a minimum, if the Court finds the factual allegations are insufficient, Ms. Porretto should be afforded an opportunity to amend the Complaint as the Defendants have never alleged factual deficiencies and did not confer regarding any alleged factual deficiencies before filing the motions to dismiss and the motions to dismiss do not have a certificate of conference as required by the local rules.

## LAW AND ARGUMENT

### 1. THIS COURT HAS JURISDICTION UNDER 28 USC §1334

### A. The plain meaning of 1334(e) provides the District Court jurisdiction[3]

Porretto asserts this Court has jurisdiction under 28 USC §1334. Jurisdiction under 28 USC §1334(e) is clear by the plain meaning of the text of the statute. The Defendants have not provided any basis for why the Court should deviate from using the plain meaning rule and finding that the jurisdiction exists under 28 USC §1334. The Defendants attempt to distort the plain meaning and cherry-pick various cases that are not factually on point and are not Fifth Circuit cases. On information and belief, there are no Fifth Circuit cases on point with the facts of this case.

The Defendants argue that bankruptcy jurisdiction ended when the Court approved the Chapter 7 Trustee's abandonment of Porretto Beach despite the fact that the actions directly tied to the Third Amended Complaint occurred before and during the bankruptcy where the damage was even complained about by the Trustee prior to the abandonment.

---

[3] The Defendants attempt to suggest that the Bankruptcy Court inferred there was a lack of jurisdiction. However, that is simply taking comments out of context and contrary to the Abandonment Order, statutes, and ruling transferring the adversary proceeding to the District Court. The Park Board and City asked and the Bankruptcy Court declined to abstain from hearing the matter and, instead, transferred the case to the District Court.

6

*See*, Third Amended Complaint, Exhibit 3..  This is contrary to cases where the Court retained jurisdiction despite the abandonment of the property.

Under 28 USC § 1334(e), a federal district court in which a bankruptcy case is commenced or pending has exclusive jurisdiction over **all of the debtor's property**, wherever located, *and property of the debtor's bankruptcy estate* (as defined in § 541(a) of the Bankruptcy Code). (emphasis added). "Property" includes all legal or equitable interests of the debtor in property as of the commencement of the case.  11 U.S.C. § 541(a)(1).  Property of the debtor that became the property of the estate upon commencement of the case but that the trustee subsequently abandons, passes back to the debtor. *Bennett v. Commercial Credit Plan (In re Bennett),* 13 B.R. 643 (Bankr. W.D. Mich. 1981).

28 U.S.C. § 1334(e) provides that bankruptcy jurisdiction extends to both categories of property – 1) property of the debtor as of the commencement of the case and does not exclude property which was abandoned to the Debtor;  and 2) property of the estate.  *See, e.g., In re Ramos*, 498 B.R. 401 (B.A.P. 1st Cir. 2013); *In re Fong,* No. 01-00242, 2005 Bankr. LEXIS 3566, at *10 (Bankr. D. Haw. Nov. 18, 2005), *In re Lafoon,* 278 B.R. 767, 771  (Bankr.E.D.Tenn.2002); *In re Sills,* 126 B.R. 974, 976 (Bankr.S.D.Ohio 1991); *In re Bennett,*13 B.R. 643, 645 (Bankr.D.Mich. 1981).

It is undisputed that Porretto Beach was the property of the debtor when Ms. Porretto filed her bankruptcy case, at which time it became the property of the estate. When the trustee abandoned Porretto Beach, Porretto Beach left the estate and became the property of the debtor once more. The plain language of Section 1334(e) says that the property was

7

still subject to the bankruptcy court's jurisdiction. *In re Fong,* No. 01-00242, 2005 Bankr. LEXIS 3566, at *10 (Bankr. D. Haw. Nov. 18, 2005).

Defendants allege the Bankruptcy jurisdiction is "exclusive *in rem* jurisdiction" over the property of the Debtor. Defendants cite to *In re Brown,* 521 B.R. 205, 216 (Bankr. S.D. Tex. 2014); *Landry v. Exxon Pipeline Co.*, 260 B.R. 769, 781 (Bankr. M.D. La. 2001). The jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute *Celotex Corp. v. Edwards, 514 U.S. 300, 307, 115 S. Ct. 1493, 1498, 131 L. Ed. 2d 403 (1995)* "In rem" does not appear anywhere in 28 USC §1334 and is an effort by Defendants to add words to a statute that has a plain meaning on its face. The language of the statute should govern. It is clear that the court has exclusive jurisdiction over the property of the Debtor provided it was the Debtor's property at the commencement of the bankruptcy case. This case provides a unique situation where the Debtor got back property she owned as of the commencement of the case more than a decade later. The bankruptcy case was pending when this suit was filed and is still an open case. It is also rare for substantial acreage, let alone beachfront acreage to be abandoned back to the Debtor. A search of cases could not find any other bankruptcy cases where beach property was abandoned to the Debtor, including other Galveston beach cases where the owners filed bankruptcy.

The GLO also cites to *Kane v. Nat'l Union Fire Ins. Co.,* 535 F.3d 380, 385 (5th Cir. 2008) which is factually distinct from the present case. While a Fifth Circuit case, it is not relevant to the present case. Kane does not deal with a suit by the Debtor related to property of the Debtor while the Bankruptcy case is still pending.

*Kane* stands for the proposition that the Debtor's *rights to the property* are treated as if no bankruptcy petition was filed, *i.e.,* the Trustee is divested of any right to control the property. In the present case, it is undisputed that Ms. Porretto owns the property at issue. In addition, the *Kane* case was dealing with a judicial estopple argument on whether a Debtor who failed to disclose a personal injury claim could pursue it after the Trustee closed the ase or judicially estopped and/or whether the Trustee could substitute as the proper party. The Court found the Trustee was the proper party in interest because undisclosed assets are not abandoned. The issue, in that case, was which party had a right to pursue the claim, not jurisdiction. Jurisdiction is jurisdiction not a property right of the Debtor. Nothing in the *Kane* case suggests the Court's jurisdiction under 28 USC 1334(e) jurisdiction is limited. *Kane* not relevant to the GLO's jurisdictional challenge in this case.

None of the cases cited to by the GLO are factually on point with this case. The plain meaning of 28 USC 1334 (e) and language of the statute show the Court retains exclusive jurisdiction over property of the Debtor.

**B.   The plain meaning of 1334(b) provides the Court jurisdiction**.

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1334(b) as well. Jurisdiction under 1334(b) is very broad. District courts also have original but not exclusive jurisdiction of all civil proceedings arising under the Bankruptcy Code, or arising in or related to cases under the Bankruptcy Code. 28 U.S.C. § 1334(b). 1334(b) grants subject matter jurisdiction over any debtor claims that fall within the court's 'related to,' 'arising in,' or 'arising under' jurisdiction. *Cano v. GMAC Mortg. Corp. (In re Cano)*, 410 B.R. 506, 551 (Bankr. S.D. Tex. 2009).

9

Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate," and that the "related to" language of § 1334(b) must be read to give district courts (and bankruptcy courts under § 157(a)) jurisdiction over more than simple proceedings involving the property of the debtor or the estate. *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir. 1984).

The Fifth Circuit has held that "[p]roceedings are `related to' bankruptcy cases if their outcome could conceivably have any effect" on the bankruptcy estate. *Fire Eagle, LLC v. Bischoff (In re Spillman Dev. Grp., Ltd.),* 710 F.3d 299, 304 (5th Cir. 2013) (internal quotation marks omitted). A conceivable effect is defined as "any that *could* **alter the debtor's rights**, liabilities, options, or **freedom of action** (either positively or negatively) and which *in any way* impacts upon the handling and administration of the bankrupt estate." *Id.*(emphasis added). A possibility that a suit may ultimately have no effect on the estate is not enough to conclude that no conceivable effect exists. *Id.* Certainty, or even likelihood of such an effect is not a requirement. *Arnold v. Garlock*, 278 F.3d 426, 434 (5th Cir. 2001). A proceeding is within the bankruptcy jurisdiction whenever it is "possible" that the proceeding will affect "**the debtor's rights**, liabilities, options, or freedom of action or the handling and administration of the bankrupt estate." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984).

At least one creditor of the Estate has a secured claim against the property. *See,* Trustee Final Report, USBC SDTX ECF 797 and 819. As such, any actions by the

Defendants impacting the Porretto Beach property and the value of the property impacts the debtor-creditor relationship which has an impact on the administration of the estate.

The allegations of the Complaint undeniably arise in, arise under and are related to the bankruptcy as they deal with actions that occurred during the life of the bankruptcy, as well as Orders of the Bankruptcy Court which the Bankruptcy Court ergo District Court have jurisdiction to review. A Court has authority and jurisdiction to review its own order.

The federal rules do not require that a complaint identify the statutory basis for the court's jurisdiction. *See Framlau Corp. v. Dembling*, 360 F. Supp. 806, 808 (E.D. Pa. 1973) ("Although plaintiff has failed to cite a valid jurisdictional statute as a basis for its complaint, Rule 8(a)(1) of the Federal Rules of Civil Procedure only requires that a pleading setting forth a claim for relief contain a short and plain statement of the grounds upon which the Court's jurisdiction depends. The complaint contains a sufficient statement of the facts establishing jurisdiction).

**2.     ALTERNATIVELY, THIS COURT HAS JURISDICTION UNDER 28 USC §1331**

The appropriation of a flowage easement or other property of the Debtor is a physical taking and gives rise to jurisdiction under 28 USC §1331. It is unconstitutional to burden private property like Porretto Beach with a public easement without due process, compensation, or reasonable procedures. The Defendants have engaged in an ongoing violation of Ms. Porretto's private property rights which has occurred prior to the bankruptcy, during the bankruptcy, and after the abandonment of the property in June 2020.

The complaint specifically asserts claims under the Takings Clause of the Fifth Amendment, and the Fourteenth Amendment's Due Process Clause, Injunctive Relief, and Declaratory Judgment. The Complaint also cites to *Knick v. Township of Scott,* 139 S. Ct. 2162, 2167(2019) and *Cedar Point Nursery v. Hassid*, 141 S.Ct. 2063 (2021) in support of finding jurisdiction. Ms. Porretto has sufficiently alleged a per se taking under the *Cedar Point* case. Ms. Porretto has brought a claim for just compensation and equitable relief which is permitted.

The Fourteenth Amendment of the U.S. Constitution prohibits a state from depriving a person "of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To prevail on a "procedural due process" claim, plaintiffs must show "(1) they possess a property interest that is protected by the due process clause, and (2) that the defendant's procedures are constitutionally inadequate." *Ridgely v. FEMA*, 512 F.3d 727, 734 (5th Cir. 2008). Exhibit 1 to the Third Amended Complaint specifically argues the lack of due process. Ms. Porretto is entitled to due process. The Court should find this claim is sufficiently pled to survive a motion to dismiss.

The GLO has raised the issues of *Ex Parte Young* since Commissioner Bush was named as a party in the suit as well as the General Land Office of the State of Texas. Under *Ex Parte Young*, the suit must: (1) be brought against state officers who are acting in their official capacities; (2) seek prospective relief to redress ongoing conduct; and (3) allege a violation of federal, not state, law." *Williams ex rel. J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020) *(citing NiGen Biotec, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015)). These elements are in this case. As such, with respect to the injunctive relief

Ms. Porretto has requested which is based on federal law violations Ms. Porretto has met her burden as to the claims against the Commissioner.

### 3. GOVERNMENTAL IMMUNITY WAS WAIVED

Under 11 USC §106, immunity is waived for government units. *See, Shelley v. Colo. State Univ.,* No. A-14-CA-516 LY, 2014 U.S. Dist. LEXIS 134866 (W.D. Tex. Sep. 25, 2014) and *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 675 (1999).

The Defendants are government units as defined by 11 USC §101(27). The Defendants actively participated in the Bankruptcy. "The waiver of sovereign immunity by governmental units is with respect to monetary recoveries as well as declaratory and injunctive relief." 140 Cong. Rec. H10766 (daily ed. Oct. 4, 1994).

The allegations in the Complaint raise core issues under 28 USC 157 and non-core issues. The core issues include 28 USC 157 § (b)(2)(A) (matters related to administration of the estate), 28 USC 157 § (b)(2)(M) (orders approving the use or lease of property), and 28 USC 157 § (b)(2)(O) (other proceedings affecting the liquidation of assets of the estate or the adjustment of the debtor-creditor relationship). The abandonment of the property is a core administration issue. The approval of the settlement orders ties to 28 USC 157 § (b)(2)(A), (M) and (O)order approving use of property. The actions taken during the pendency of the case affecting Porretto Beach are core issues under 28 USC 157 § (b)(2)(A) and (M). The issues that arose post-abandonment are related to the bankruptcy and the actions taken related to the Porretto Beach property during the bankruptcy.

All of the Defendants have indisputably appeared before the Bankruptcy Court related to the property and the very issues asserted in the Complaint which contributed to

and were ongoing actions to physically invade Porretto Beach with a flowage easement and/or to physically take part of the property by mining the sand. By analogy, the sand mining is akin to taking the second floor of a house but leaving the ground floor. While part of the property remains, part was taken. In this case, the property is taken for the public use to generate revenue and/or place on land owned by the City or State in other parts of Galveston.

The Court has authority under Section 105 of the Bankruptcy Court to enforce and review its prior orders including the Order granting the settlement which is the subject of the factual allegations of this case and breach of contract claims. Further, the actions taken during the bankruptcy giving rise to the claims were a violation of Sections 362 and 363 of the Bankruptcy Code.  Therefore, the waiver of immunity occurred before the property was abandoned to Ms. Porretto.  During the Bankruptcy, the Defendants had no right to use or control Porretto Beach under Sections 362 and 363 of the Bankruptcy Code.

Finally, a proof of claim was filed in the case on behalf of the City for ad valorems which should be deemed a waiver under Section 106(b). The proof of claim was recently withdrawn. *See,* USBC SDTX Case No. 09-35324, Proof of Claims 5 and 24.

The Park Board and City waived any claim of governmental immunity.  Defendants sought relief against Porretto in the main bankruptcy case related to the very same property which is the subject of the Adversary Complaint prior to abandonment. In addition, the City, through its tax collector the County Tax Assessor, filed a proof of claim for alleged unpaid taxes owed to the City.  Further, all Defendants in this adversary proceeding signed off on the original Joint Discovery Plan/Case Management Plan. None of the Defendants

made any assertion of governmental immunity, legislative immunity, or legislative privilege despite the fact that Ms. Porretto noted the following as far as anticipated discovery in the original Joint Discovery Plan/Case Management Plan (*See,* ECF 25):

> d. **Of whom and by when the plaintiff anticipates taking oral depositions.**
>
> **Answer:** While it is not yet possible at this stage in the proceedings to identify all depositions with precision, Plaintiff anticipates deposing Defendants, including but not limited to the Executive Directors of the Park Board, City Managers, Mayors, and other elected or appointed officials, former and current City employees, liaisons who worked with the City and Park Board from the GLO's officer. Plaintiff anticipates that these depositions can be completed by May 5, 2022.

Id., 25:4.

In the present case, Ms. Porretto has asserted a Takings Claim against the Park Board, City and GLO who worked in concert with each other at least as to the Stewart Beach Drainage Project where they knew from the data presented over the years the project was discussed that it would cause run-off to adjoining property owners. There is no immunity for a Takings Claim. *See generally, Koch v. Tex. Gen. Land Office*, 273 S.W.3d 451 (2008)(case involved takings claim because State took limestone and found GLO lacked immunity).

Porretto also alleges the Park Board and City violated settlement agreements entered into in the Bankruptcy where immunity was waived by entering into the agreements. *City of Corinth v. Nu Rock Dev. Inc.,* 293 S. W. 3d 360 (2009) (City not immune from breach of settlement agreement in an earlier Federal lawsuit); *see also,* 271.151-.160, Texas Local Government Code (the "Local Government Immunity Waiver Act") (waives immunity from suit for contract claims against most local governmental entities in certain circumstances).

And, there is no immunity for declaratory judgment or tort claims. Texas *See,* Tort Claims Act. TEX. CIV. PRAC. & REM. CODE Ann. §101.001, *et. seq.*(waives immunity for tort claims when involved in a proprietary act).

Further, the Defendants waive immunity when they receive federal funds that Congress opts to provide but is not required to provide or sometimes referred to as a "gratuity waiver". *See e.g., Islander E. Pipeline Co., LLC v. Conn. Dep't of Envtl. Prot.*, 482 F.3d 79 (2d Cir. 2006); *Pace v. Bogalusa City Sch. Bd.,* 403 F.3d 272, 277–79 (5th Cir. 2005) (en banc). In the present case, the Defendants sought and obtained Federal funds by improperly using Porretto Beach as part of the funding applications without providing any benefit or compensation to Ms. Porretto while then using her private property to facilitate the funded projects and damaging the property in the process.

The Defendants have not established a basis for immunity. *Hudson v. Pot-O-Gold Rentals, LLC*, No. 3:17-CV-00314, 2018 U.S. Dist. LEXIS 137367 (S.D. Tex. July 24, 2018) (motion to dismiss based on immunity arguments denied).

Ms. Porretto has raised complex issues related to the City, Park Board and GLO's actions related to Porretto Beach which occurred pre-bankrutpcy, during the bankruptcy and continued post-petition despite the automatic stay in the bankruptcy and despite the Texas Supreme Court ruling in favor of Porretto's private property rights on July 3, 2014.

## CONCLUSION

The Motions to Dismiss should be denied. Porretto has met the Rule 8 requirements and the Motions to Dismiss make broad statements alleging there are no facts without addressing the factual allegations asserted in the voluminous Complaint. Porretto has met

16

the notice pleading requirements. Ms. Porretto respectfully requests that the Motions to Dismiss at ECF 69 and 70 be dismissed or, in the alternative, that Ms. Porretto be afforded an opportunity to amend the Complaint if the Court deems additional factual allegations are necessary. Ms. Porretto further prays for any other equitable relief the Court deems appropriate.

Respectfully submitted,

/s/ Deirdre Carey Brown
Deirdre Carey Brown, pllc
State Bar No. 24049116
FORSHEY & PROSTOK LLP
777 Main St., Suite 1290
Fort Worth, Texas 76102
Telephone: 817-877-8855
Facsimile: 817-877-4151
dbrown@forsheyprostok.com

COUNSEL FOR SONYA PORRETTO

## CERTIFICATE OF SERVICE

I hereby certify a copy of this amended objection to the defendants' motions to dismiss was served on all ECF registered users on June 3, 2022.

/s/Deirdre Carey Brown