## SUMMARY OF COUNTS AND RESPONSE BY PORRETTO TO STATE'S DISMISSAL ALLEGATIONS

| Count | Allegation Summary | Grounds for Dismissal Raised by Defendants | Porretto's Response |
|---|---|---|---|
| I | Fifth Am. taking of a flowage easement due flooding *[GLO mischaracterizes count as limited to a May 2021 flooding. Complaint alleging continued flooding]* | ☐ No bankruptcy jurisdiction under 28 USC § 1334;<br>☐ Barred by Eleventh Am. – seeks a monetary remedy so *Ex Parte Young* does not apply;<br>☐ No standing because no injury traceable to act of GLO;<br>☐ Failure to state a claim against GLO because:<br>o No facts relate to GLO;<br>o Facts do not establish a taking rather than an isolated physical invasion. | 1. Flowage easement is on Ms. Porretto's ("Debtor") property which Debtor owned as of the commencement of the Bankruptcy and was not limited to May 2021 flooding. GLO mischaracterizes the claim. The flooding commenced in May 2021 and continues throughout the date the case was first filed as noted in the Complaint. ¶97(flooding which occurred *from* May 13, 2021 until remediated).<br>2. 28 USC §1334(e) states, "the district court in which a case under title 11 [Bankruptcy] is commenced or is pending shall have exclusive jurisdiction - (1) **of all property**, wherever located, **of the debtor** as of the commencement of such case, *and of property of the estate* ..." (emphasis added). Ms. Porretto is the plaintiff/debtor, and the property subject to this suit is the debtor's property. The plain reading of 28 USC §1334(e) provides this court jurisdiction over the property of the debtor and property of the estate.<br>3. 11 USC §106 of the Bankruptcy Code waives immunity for government units. 11 USC §101(27) defines government units to include state, municipality, department, agency or instrumentality.<br>4. Factual allegations in the Complaint related to the flowage easement relate to GLO. The Complaint alleges the Defendants' actions related to the property from before, during, and after the Bankruptcy contributed to the sand mining which facilitated the flooding when the flowage was directed with GLO approval and funding to Porretto Beach. All Defendants were engaged in those acts. *e.g.*, Third Amended Complaint, ECF 39, page 2 (allegations regarding all Defendants going forward with construction project with knowledge of potential to flood neighboring properties); page 3(flooding was exacerbated by sand mining); ¶18(all Defendants took actions resulting in flooding the parking lot and contributing to actions which related to such flooding such as the 2013, 2015 and 2017 renourishment projects, moving and removing sand, approvals of the Stewart Beach Drainage Project based on a reports that Defendants knew had material omissions and misrepresentations); ¶21 (all Defendants took actions deliberately flooding Porretto Beach); ¶23 (Defendants caused damage flooding Porretto Beach and the Defendants' own studies and records anticipated damage to adjacent property owners);¶35 (GLO funded excavation); ¶39 (false erosion data is used to cover the damage done from taking sand and used to support GLO funding to Park Board which is used for creating the flooding issues at Stewart Beach); ¶55, footnote 9 (GLO knew or should have known false data was being used to support Stewart Beach Drainage Project which flooded Porretto Beach, but further discovery needed); ¶56 (GLO has allowed Park Board to use heavy equipment on the wet beach [GLO claims control over wet beach]);¶66 (GLO knew or should have known the impact of removing sand, etc); ¶123, ¶137 and Exhibit 3 to Third Amended Complaint.<br>5. The facts show that the flowage easement was created by acts over the years by the Defendants leading to conditions and then ongoing flowage onto Porretto Beach. See ¶¶45 (flooding has and will continue to impact topography if not remedied), 68 (Porretto seeks to stop the flooding), 107 (erosion from flooding reduces accretion and growth of beach), 97, 99, 123, 128, 137 |
| II | Fifth Am. taking of sand, causing interference with erosion data/accretion levels | ☐ No bankruptcy jurisdiction under 28 USC § 1334;<br>☐ Barred by Eleventh Am. – seeks a monetary remedy so *Ex Parte Young* does not apply;<br>☐ No standing because:<br>o No injury traceable to act of GLO;<br>o No injury to a protected interest. Porretto does not own sand on state-owned land;<br>☐ Failure to state a claim against GLO because:<br>o No facts relate to GLO;<br>o No facts connecting sand mining to third-party shoreline study;<br>o No facts show damage to erosion/accretion levels. | See Response to Count I above.<br>1. GLO asserts Ms. Porretto does not own state land which is a non-sequitur. The actions of excavating and mining sand from Porretto Beach and neighboring properties are done with the knowledge of it will damage all property in the area preventing as well as specifically damaging the property that is excavated/mined which is why such actions are contrary to Federal Coastal regulations. The boundaries to determine what if any submerged land is involved are undetermined and a disputed fact issue. See, Third Amended Complaint, Exhibit 3, and ¶68.<br>2. Facts specifically tie the sand mining and BEG study together. See, ¶¶32, 34, 35, 41, 55, including fn 9 (detailed description of how erosion used to manipulate Lidar relied up by UTBEG), and 99 and Exhibit 1, p.3.<br>3. The facts show Porretto Beach is an accreting beach where the accretion was diminished because of man-made efforts by the Defendants to create erosion to generate revenue for public benefit/use. The facts show accretion levels increased after Ms. Porretto successfully got the Defendants to stop excavating and sand mining Porretto Beach via a Bankruptcy Court Order (¶¶58, 99). The facts show Porretto Beach is falsely identified as eroding by the Defendants. The Abandonment Order from the Bankruptcy Court includes the State Court Judgment finding that Porretto Beach was accreting for years despite being falsely identified as eroding. As such, this fact is already determined and undisputed. GLO never appealed the State Court judgment. |
| III | Inverse condemnation due to trespass | ☐ No bankruptcy jurisdiction under 28 USC § 1334;<br>☐ Barred by Eleventh Am. – *Ex Parte Young* does not sanction suits for state-law violations;<br>☐ No standing because no injury traceable to act of GLO;<br>☐ Failure to state a claim because has not pled GLO intentionally took property or was substantially certain taking would result. | See Response to Count I above. |

| | | | |
|---|---|---|---|
| IV | Fifth Am. taking for interference with erosion data/accretion levels | ☐ No bankruptcy jurisdiction under 28 USC § 1334;<br>☐ Barred by Eleventh Am. immunity – seeks a monetary remedy so *Ex Parte Young* does not apply;<br>☐ No standing because:<br>o No injury traceable to act of GLO;<br>o No injury to a protected interest. Porretto does not have a protected interest in coastal erosion data taken by a third party.<br>☐ Failure to state a claim against GLO because:<br>o No facts relate to GLO;<br>o No facts connecting sand mining to third-party shoreline study;<br>o No facts about decreased land mass due to erosion. | See Response to Count 1 and 2 above. |
| V | Taking under Texas Constitution Art. 1, § 17 | ☐ No bankruptcy jurisdiction under 28 USC § 1334;<br>☐ Barred by Eleventh Am. – *Ex Parte Young* does not sanction suits for state-law violations;<br>☐ No standing because no injury | See Response to Count 1 and 2 above. |
| VI | Fourteenth Am. due process | ☐ No bankruptcy jurisdiction under 28 USC § 1334;<br>☐ Barred by Eleventh Am. immunity – re-urges taking claim and seeks a monetary remedy so *Ex Parte Young* does not applyNo standing because no injury traceable to act of GLO;<br>☐ No standing because no deprivation of a protected property interest. Porretto does not own sand on state-owned submerged land or have property interest in coastal erosion data taken by a third party;<br>☐ Failure to state viable procedural due process claim because no pre-deprivation process is due and post-deprivation compensation satisfies;<br>☐ Failure to state viable substantive due process claim because has not alleged any government act was (1) arbitrary or (2) had no rational relationship to legitimate government interest. | See Response to Count 1 and 2 above. Exhibit 1 to the Complaint also provides allegations related to due process. |
| VII | Breach of Settlement Agreement | N/A (not alleged against GLO) | N/A as to GLO. Complaint discusses the agreement throughout including but not limited to Paragraph 78. |
| VIII | Tortious interference | N/A (not alleged against GLO) | Complaint discusses at length. Paragraph 22 and 71 et seq. |
| IX | Texas Water Code § 11.086(a) | ☐ No bankruptcy jurisdiction under 28 USC § 1334;<br>☐ Barred by Eleventh Am. – *Ex Parte Young* does not sanction suits for state-law violations;<br>☐ Barred in a state court because no waiver of governmental immunity in statute; | Bankruptcy jurisdiction applies and Section 106 waives immunity. |

| | | | |
|---|---|---|---|
| X | Accounting and reimbursement | ☐ No bankruptcy jurisdiction under 28 USC § 1334;<br>☐ Barred by Eleventh Am. immunity – seeks a monetary remedy so *Ex Parte Young* does not apply;<br>☐ Not an independent claim and connected with no viable claim that would enable this relief, since accounting is only available where there is a contractual or fiduciary relationship. | Bankruptcy jurisdiction applies and Section 106 waives immunity. |
| XI | Injunctive relief for "referring" to Porretto Beach, altering Stewart Beach, providing false erosion and accretion data | ☐ No bankruptcy jurisdiction under 28 USC § 1334;<br>☐ Not an independent claim, and connected with no viable claim that would enable this relief, which is not available as a takings remedy because compensation is available. | See Response to Count 1 and 2, as well as this Court's recent opinion denying the motion to dismiss in *Sheffield v. Bush*, Case No. 3:21-cv-122. |
| XII | Declaratory judgment that right of ways have been abandoned | N/A (not alleged against GLO) | N/A as to GLO |
| XIII | Declaratory judgment recognizing property rights including mineral interests and submerged lands | ☐ No bankruptcy jurisdiction under 28 USC § 1334;<br>☐ Barred by res judicata;<br>☐ Barred by Eleventh Am. because federal courts cannot adjudicate state's interest in property without consent and the state, not a public | No boundaries have been determined and no findings were made specifically to mineral interests. The Bankruptcy Court and District Court have jurisdiction to determine what property was property of the estate and abandoned to the Debtor and what is not included. *See,* 28 USC 1334 (e) and 11 USC § 541. See, United States v. Whiting Pools, Inc., 462 U.S. 198 (1983).<br>Property of the debtor that became property of the estate upon commencement of the case but that the trustee subsequently abandons, see 11 U.S.C. § 554, passes back to the debtor. *Bennett v. Commercial Credit Plan (In re Bennett)*, 13 B.R. 643 (Bankr. W.D. Mich. 1981). 28 U.S.C. § 1334(e) provides that bankruptcy jurisdiction extends to both categories of property. |
| XIV | Violation under Tort Claims Act | ☐ No bankruptcy jurisdiction under 28 USC § 1334;<br>☐ Barred by Eleventh Am. – *Ex Parte Young* does not sanction suits for state-law violations;<br>☐ Barred in state court because has not pled the only waiver of immunity applicable to state governments. | Immunity is waived under Torts Claims Act |